WILLIAM H. GATZMER et al., trustees &c.,

*v.*

PHILADELPHIA AND ATLANTIC CITY RAILWAY COMPANY.

A manager was employed by the receiver of an insolvent railroad company mainly to perform duties which the receiver himself should have attended to. In a subsequent order for the disposition of the proceeds of the foreclosure of a mortgage on the railroad, an amount was awarded to the receiver as compensation for his services, and he was thereby directed to pay the manager a specified portion thereof. He refused to do so, claiming that the manager was indebted to him individually in a larger amount.—*Held*, the indebtedness from the manager to the receiver being admitted, that a petition by the manager for an order compelling the receiver to pay him the amount specified should be dismissed for want of equity.

Bill to foreclose. On petition of Samuel Richards for order on master to pay to him certain money.

*Mr. H. A. Drake,* for petitioner.

*Mr. S. H. Grey,* for respondent.

THE CHANCELLOR.

This application is made by Samuel Richards for an order for the payment to him instead of Charles R. Colwell, of the sum of $2,839.75, part of the sum of $5,000 which, by the execution in this suit, the master to whom the writ was directed and who sold the mortgaged premises thereunder, is required to pay to

Colwell. By the decree (made July 10th, 1883), the master is required to pay to Colwell, as receiver in insolvency of the Philadelphia and Atlantic City Railway Company, the defendant, certain moneys in and for settlement of claims against him as receiver, remaining unpaid, and also the further sum of $5,000 which was thereby adjudged to be a reasonable compensation for his services in the management of his trust (as receiver), from which sum was to be paid by said Colwell the balance, $2,839.75, found due to Samuel Richards (the petitioner), the manager of the company during the receivership. Colwell, as receiver, employed Richards to act as manager, but at no specified rate of compensation. He paid him some money ($2,405) on account. Richards, by his petition filed in the insolvency suit in April, 1882 (his services ended in July, 1879), applied to this court for payment of the balance due him, and thereupon an order of reference was made to a master to ascertain what was due him, and the master reported that he was entitled to receive a balance of $2,839.75. After this report and in July, 1883, the decree in this suit (which was for foreclosure and sale of the railroad &c., as mortgaged premises under a mortgage existing when the proceedings in insolvency were begun) was made, and in it were the directions before mentioned. It will be observed that the decree adjudges that $5,000 be paid to Colwell for his services as receiver, from which was to be paid the balance due Richards for his services. Colwell, as before stated, employed Richards and paid him the $2,405 on account. The services rendered by Richards were such, to a considerable extent at least, as in contemplation of law the receiver himself was bound to render. Colwell employed Richards to do his work. Therefore, in awarding compensation to Colwell it was proper, in justice to the trust, to provide that he should pay out of the money given to him for compensation what Richards was entitled to from him. Colwell claims that he is entitled to the balance due Richards to apply it to a debt due him from Richards, and the latter now applies for an order requiring the payment of the money to him instead of to Colwell. Richards admits that he knew when the decree was made that it awarded the $5,000 to

Colwell, merely providing that Colwell should pay him out of it, but he made no objection. He owes Colwell about $5,700 on account of a loan of $5,000 (and interest thereon) made by the latter to him in August, 1877. The indebtedness is not denied, but Richards asks this court to require the master to pay the money to him instead of to Colwell, so that it may not be applied to the payment of his debt. There is no equity in the application. The petition will be dismissed, with costs.